NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWOOD HINTON, a/k/a "Ameer Hasan," | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | CIVIL NO. 06-3233 (JBS) |
| v. | |
| TROY LEVI, | **MEMORANDUM OPINION** |
| Respondent. | |

**Simandle, District Judge**:

    This matter is before the Court on the petition for habeas corpus, filed pursuant to 28 U.S.C. § 2255 of Haywood Hinton. Mr. Hinton challenges the calculation of his jail time and argues that this action, filed more than three years after his sentence was imposed, is timely because it was brought within a year of the decision he wishes to apply to his petition. Because the challenge is untimely and because it has already been litigated before this Court in an earlier petition pursuant to 28 U.S.C. § 2241, the Court shall dismiss this petition for habeas corpus.

**THE COURT FINDS AS FOLLOWS:**

    1. Petitioner Haywood Hinton filed this action on May 25, 2006 in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 2255, seeking to vacate his June 4, 2003 conviction and sentence. The matter was transferred to this Court on July 13,

2006.

2. On July 26, 2006 this Court issued Petitioner a Letter Order to Show Cause [Docket Item 4], within twenty days, why the matter should not be dismissed as untimely under 28 U.S.C. § 2255, paragraph 6, which generally requires such action to be brought within one year of the date of (1) final conviction, (2) when the government removes an impediment to the action, (3) when the Supreme Court recognizes the right at issue, or (4) the facts supporting the claim could have been discovered with due diligence.

3. That Letter Order was returned as undeliverable and the Court therefore dismissed the case without prejudice, pursuant to Local Civil Rule 10.1 [Docket Items 6 and 7].

4. Because it appeared that the initial order to show cause may have been improperly addressed, the Court vacated the dismissal and reissued the order to show cause on January 11, 2007 [Docket Item 9].

5. Petitioner Hinton responded to that order to show cause why the petition should not be dismissed as untimely by arguing that his claim was timely because it was brought within one year of the of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) (decided Jan. 12, 2005).

6. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places strict limitations on habeas petitions,

providing a prisoner with just one year to file a request for relief under § 2255.  See 28 U.S.C. § 2244(d)(1).

   7.   Section 2255 provides that the one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

   8.   Petitioner's argument that his petition is timely fails in two respects.  First, his factual assertion is false, as this action was commenced in May of 2006 and Booker was decided more than a year earlier.

   9.   Second, even if this petition was filed within a year of Booker, it would still be untimely because Booker does not apply retroactively to cases on collateral review.  Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. N.J. 2005).  Petitioner asserts no other basis for finding this action to be timely and, therefore, the Court must dismiss it.

10.  Furthermore, this challenge was already litigated in a habeas action pursuant to 28 U.S.C. § 2241.  See Hinton v. Miner, Civil No. 03-3051 (JBS).  In a decision dated March 8, 2004, this Court explained that Petitioner's sentence was lawful and that he was not entitled to the relief he is seeking.

11.  28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

12.  As Petitioner makes no argument that the exceptions for successive claims provided in section 2255 apply to this action, the Court would decline to hear this duplicative action, pursuant to 28 U.S.C. § 2244(a), even if it were timely.


June 11, 2008                                   **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                U.S. District Judge